UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11306-RWZ

THOMAS LYONS

v.

MARC DUBOIS, *et al.*

ORDER

October 24, 2011

ZOBEL, D.J.

Thomas Lyons, an inmate at Old Colony Correctional Center ("OCCC"), files this pro se complaint under 42 U.S.C. § 1983[1] against Marc Dubois, a correction officer employed at OCCC by the Massachusetts Department of Correction ("DOC"), and former DOC Commissioner, Harold W. Clarke, for violation of the 8th Amendment prohibition of cruel and unusual punishment. He also brings state common law claims for emotional distress (the "emotional distress claims").[2]

---

[1] 42 U.S.C. § 1983 provides, in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress . . . ."

[2] Plaintiff does not specify whether his claims are for intentional or negligent infliction of emotional distress. See Docket # 1 ¶ 1 ("The plaintiff takes Federal civil rights action on Deft.(s) and for mental and emotional suffering caused by the continuous acts and series of actions." ); id. ¶ 7("The plaintiff is also suing for mental and emotional suffering."); id. ¶ 35 ("The plaintiff is also suing the Commissioner of the Dept. of Corrections of Massachusetts for mental and emotion [sic] suffering that the Deft. caused the plaintiff. . . ."). Reading the complaint in the light most favorable to Lyons, I find that he intends to bring both claims.

Pursuant to Fed. R. Civ. P. 12(c),[1] defendants moved for judgment on the pleadings as to plaintiff's section 1983 claims. (Docket # 37.)  Also outstanding are several unrelated motions filed by plaintiff. (Docket ## 33-34, 41-44, and 52.) Disposition of these motions follows.

**I. Facts**

According to the complaint, plaintiff has various "life threatening" medical issues, including "end stage liver disease" and edema, and is confined to a wheelchair. (Docket # 1 ¶¶ 6, 8, 11, and 27.)  He alleges that he cannot stand, or walk, on his own. Id. ¶¶ 11, 34.  He takes several medications daily, which are dispensed at OCCC's Health Services Unit ("HSU").  Id. ¶¶ 8, 27 and Ex. I.   Pursuant to OCCC procedure, inmates may be pat searched.  Id. ¶ 12; Docket # 11 ¶ 12.

Plaintiff repeatedly alleges that he has been "verbally [and/or] physically abused" by defendants (Docket # 1 ¶¶ 4, 6, 9, 18, 19, 25, 31, and 34) and musters three facts in support of this claim.  First, defendant Dubois, while working at HSU, ordered plaintiff to stand up with the support of a pole so that defendant could conduct a pat search.  Id.  ¶ 12.  On one occasion, plaintiff refused to stand for a pat search and defendant wrote a disciplinary report about plaintiff, which plaintiff claims was false.  Id. ¶ 15.  The disciplinary report was ultimately dismissed.  Id. ¶ 16.

Second, Dubois made fun of him in front of other inmates and HSU staff for wearing an adult diaper. Id. ¶¶ 10, 17.  Finally, on one occasion, Dubois told him that he wished plaintiff would "take a swing at him." Id. ¶ 13 and Ex. I.

---

[1] Fed. R. Civ. P. 12(c) provides: "After the pleadings are closed—but early enough not to delay trial–a party may move for judgment on the pleadings."

Plaintiff claims that such "verbal and physical abuse" caused him mental and emotional distress and interfered with his medical treatment. Id. ¶ 19. Specifically, plaintiff skipped certain daytime medical appointments in order to avoid contact with Dubois, although he admits to attending medical appointments at noon and in the evening. Id. ¶¶ 19, 20. He claims that missing some daytime appointments puts his health at risk. Id. ¶¶ 19, 35.

## II. Discussion

### A. Standard

"A Rule 12(c) motion for judgment on the pleadings 'is treated much like a Rule 12(b)(6) motion to dismiss.'" Grover v. Larkin Iron Works, Inc., No. 10-12078, 2011 WL 476619, at *1 (D. Mass. Feb. 7, 2011) (quoting Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). The facts pleaded must allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not suffice. Id.

"Like Rule 12(b)(6), Rule 12(c) does not allow for any resolution of contested facts; rather, a court may enter judgment on the pleadings only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment." Aponte-Torres v. University of Puerto Rico, 445 F.3d 50, 54 (1st Cir. 2006).

While pro se litigants are not exempt from procedural rules, the court holds pro se pleadings to less demanding standards than those drafted by lawyers. Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam)). Still, even pro se plaintiffs must plead specific facts backing up their claims of civil rights violations. Glaros v. Perse, 628 F.2d 679, 684 (1st Cir. 1980).

### B. 42 U.S.C. § 1983

Deliberate indifference by prison staff to a prisoner's serious medical needs violates the 8th Amendment prohibition of "cruel and unusual punishment" and states a cause of action under 42 U.S.C. § 1983. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Deliberate indifference may be manifest not only by prison doctors, but also by prison guards who intentionally deny or delay access to medical care or intentionally interfere with a prisoner's treatment once prescribed. Id. A plaintiff claiming such violation must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. See also Sires v. Berman, 834 F.2d 9, 12 (1st Cir. 1987) (plaintiff must show both a serious medical need and defendant's "purposeful indifference" to that need).

Defendants concede that plaintiff "clearly alleges that he has serious medical needs[.]" (Docket # 37 at 6.) At issue, then, is whether defendants were deliberately indifferent to those needs.

### 1. Defendant Dubois

To make out a claim of deliberate indifference, plaintiff must "satisfy both a subjective and objective inquiry": he must show (1) "that prison officials possessed a

sufficiently culpable state of mind, namely one of deliberate indifference to an inmate's health or safety"; and (2)"that the deprivation alleged was objectively, sufficiently serious."  Leavitt v. Correctional Medical Services, Inc., 645 F.3d 484, 497 (1st Cir. 2011).

Plaintiff fails to plead any facts to establish that Dubois possessed the state of mind necessary for deliberate indifference.  He alleges that while Dubois was working at HSU, he made fun of plaintiff for wearing adult diapers and told plaintiff to take "a swing at him."  While these allegations might suggest callousness toward plaintiff's feelings, the conduct alleged fails to suggest that Dubois was aware of, much less intentionally disregarded, a serious risk to his health or safety.  See Jaundoo v. Clarke, 783 F.Supp.2d 190, 200 (D. Mass 2011)("[A] state-of-mind issue such as the existence of deliberate indifference usually presents a jury question. However, where there is no evidence of treatment so inadequate as to shock the conscience, let alone that any deficiency was intentional, or evidence of acts or omissions so dangerous (in respect to health or safety) that [the] defendant's knowledge of a large risk can be inferred, summary judgment is appropriate.")(quoting Torraco v. Maloney, 923 F.2d 231, 234 (1st Cir. 1991)).

Neither does plaintiff's own decision to skip some daytime medical appointments in order to avoid Dubois suggest any intentional indifference on the part of Dubois. See LeBlanc v. Tink, 1990 WL 254027, at *4 and n.6 (1st Cir. Oct. 9, 1990)(state transportation officer's failure to transport plaintiff prisoner to the hospital "[did] not suggest deliberate indifference or an act or omission repugnant to the conscience of

mankind," where plaintiff insisted on being transported on his own terms, in violation of Department of Correction Inmate Transportation Policy regulations). For these reasons, plaintiff fails to make out a section 1983 claim against Dubois.

### 2. Defendant Clarke

Plaintiff's allegations against Clarke are premised on a theory of "superior liability." (Docket # 1 ¶ 31.) Respondeat superior is not an available theory of liability under 42 U.S.C. § 1983. Whitfield v. Melendez-Rivera, 431 F.3d 1, 14 (1st Cir. 2005).

> Absent direct participation, a supervisor may only be held liable under section 1983 where (1) the behavior of [his] subordinates results in a constitutional violation and (2) the [supervisor's] action or inaction was affirmatively link[ed] to the behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence . . . amounting to deliberate indifference.

Id. (quoting Hegarty v. Somerset County, 53 F.3d 1367, 1379-80 (1st Cir. 1995)) (internal quotation marks omitted). "The 'affirmative link' requirement contemplates proof that the supervisor's conduct led inexorably to the constitutional violation." Hegarty, 53 F.3d at 1380.

Even if plaintiff had pled facts sufficient to allege a constitutional violation by Dubois (which he has not), he fails to carry the "heavy burden" of establishing the "causal connection," id., between the alleged violation and Clarke. Plaintiff filed an inmate grievance against Dubois, based on the same conduct alleged in the complaint, which DOC referred to internal affairs. (Docket # 1 ¶ 25 and Ex. I.) He alleges that in spite of the internal affairs investigation, Dubois continued "harassing and abusing" him. Id. ¶ 25. Plaintiff also alleges that Dubois has a "long documented history of

harassing inmates and expecially [sic] mentally ill and physically impaired inmates when they are going to get treatment. . . ." Id. ¶ 23.

Construed liberally, these allegations at most suggest that Clarke (then DOC Commissioner) was constructively aware of plaintiff's complaints and of Dubois' "documented history."  They do not allege encouragement, condonation, acquiescence or gross negligence required to establish liability for Clarke; if anything, they establish the opposite: that the DOC was investigating plaintiff's complaint against Dubois.

Plaintiff's section 1983 claim against Clarke fails.

### C. Emotional Distress Claims

I have supplemental jurisdiction over plaintiff's emotional distress claims because they arise out of the same conduct as his section 1983 claims. 28 U.S.C. § 1367(a).  Because I dismiss the latter, I decline to exercise jurisdiction over the former. 28 U.S.C. § 1367(c)(3).

## III. Conclusion

The motion for judgment on the pleadings (Docket # 37) is ALLOWED with prejudice as to claims under 42 U.S.C. § 1983.  The motion is ALLOWED without prejudice to plaintiff's refiling the remaining claims in state court.  All outstanding motions (Docket ## 33-34, 41-44, and 52) are DENIED as moot.

|     October 24, 2011     |     /s/Rya W. Zobel     |
|       DATE               |     RYA W. ZOBEL        |
|                          | UNITED STATES DISTRICT JUDGE |